IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN EDWARD O'TOOLE, DX-1524,   )
    Petitioner,   )
       )
    v.   )   2-09-cv-1117
SUPT. COLEMAN, et al.,   )
    Respondents.   )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Brain Edward O'Toole for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit as a successive petition pursuant to 28 U.S.C. 1631.

II. Report:

Brian O'Toole, and inmate at the State Correctional Institution at Fayette has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

O'Toole is presently serving a life sentence imposed following his conviction, by the court of first degree homicide at No. CC 199710578 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] However, this is not the first petition which O'Toole has directed at this conviction. O'Toole previously filed a federal habeas corpus petition in this Court at 2:05-cv-1365. The latter petition was dismissed as time barred on October 26, 2005 and no appeal was pursued.

---

[1] See: Petition at ¶¶ 1-7.

The instant petition was executed on August 12, 2009 and in it O'Toole contends he is entitled to relief on grounds of:

> Violation 5th-6th-14th amend; Art. 1-9-10 PA. Const. Introduction of affidavits (coroner's report) at trial without affiant's testimony or cross-examination.

This, the petitioner contends, entitles him to relief on the grounds of newly established Supreme Court precedent.[2]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws.  As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.  The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

---

[2] See: Petition at ¶¶ 13-14.

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition of Brian Edward O'Toole for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
United States Magistrate Judge

Entered: September 16, 2009